### GRAY v. SEELEY'S ESTATE.

ESTATES OF DECEDENTS—ALLOWANCE OF CLAIMS—LIABILITY OF ESTATE—SERVICES RENDERED TO DECEDENT'S WIDOW.

Where a testator bequeathed to his wife his estate for life, and then to his children, accounts for medical services performed for the wife after the testator's death were not proper charges against his estate, though his executor received, during the lifetime of the wife, rents of the estate which belonged to her, and expended them for the use of the estate, but such accounts were debts due from the widow, collectible on her death from her estate.

Error to Oakland; Smith, J. Submitted February 3, 1903. (Docket No. 61.) Decided May 29, 1903.

Mason W. Gray, also Franklin P. Galbraith and William McCarroll, copartners as Galbraith & McCarroll, presented claims against the estate of Zachariah L. Seeley, deceased, for medical services rendered to decedent's widow. The claims were allowed in the probate court, and George E. Seeley, executor of the estate, appealed to the circuit, where claimants again prevailed, and defendant brings error. Reversed.

*John D. Harger*, for appellant.
*Patterson & Patterson*, for appellees.

HOOKER, C. J. At the time of his death, in 1891, Zachariah L. Seeley owned a farm worth $2,950, subject to a mortgage of $800. He died testate, and his will was probated in June, 1891, his son George E. Seeley being appointed executor. The second, third, and fourth clauses of the will are as follows, viz.:

"*Second.* I give, grant, and bequeath to my beloved wife, Julia Seeley, should she survive me, the use of all my estate, both real and personal and mixed, so long as she shall live, and, after her death,—

"*Third.* I give and bequeath to my son, Llewellyn Seeley, of West Bloomfield, Oakland, the sum of five dollars, having already given him a portion of my estate.

"*Fourth.* I give, grant, and bequeath the remainder of my estate to my sons and daughters, and should either of my said sons or daughters decease, leaving heirs of their body them surviving, then the share of such deceased one or more is to be paid to such heir or heirs."

Some 15 months after the testator's death, Galbraith and McCarroll, who are physicians, began rendering professional services to Mrs. Seeley, and these services amounted to $73.25. Gray began treating her some four years later, and his charges are $131. Mrs. Seeley died, and afterwards petitions were filed by the parties for their respective claims against the estate of Zachariah L. Seeley in probate court, and upon a hearing the claims were allowed. An appeal was taken by the executor, and the orders of the probate court were affirmed in the circuit. The two cases were presented as one in this court. The findings of fact were similar, except that, in the case of Gray, the widow handed him $1 when he made his first visit, and said:

"This is all I can pay. It is so fixed that when I am gone you will get your money, every dollar of it."

No such payment or promise was found in the other case. It was found further in both cases that the executor had control of the property up to the time of trial; that he continued the tenant on the farm, who was there when Seeley died, for a time, and then leased it to one

Wright, who remained there until the widow's death. Of the money received as rent, the widow received $30 per year, the executor $55, and this occurred for seven years or more, and it did not appear whether the widow was willing that he should receive this money or not. The findings of law are, in substance:

1. The husband's estate is not liable for medical attendance furnished to his widow, nor for necessaries furnished to her.

2. Her statement that the estate will pay for such will not of itself make the estate liable.

3. The rent received by the executor belonged to the widow, and he has expended it for the estate, or must account for it; and the probate court may follow such fund, and allow these claims, if their aggregate does not exceed such fund.

It is clear that the accounts of these plaintiffs are not legitimate charges against the estate of the deceased husband, and that they are debts of the widow, and could be collected from her estate, if she left one. If the executor of her husband's estate has earnings of the property to which she was entitled, or if she was entitled to have her debts paid out of his estate under a proper construction of the will, her administrator has a valid claim against the executor for the necessary amount, and these are assets of her estate. To obtain them an administrator of the widow's estate would be necessary, and the plaintiffs' claims would have to be presented and allowed as against her estate before the administrator could be safe in paying them. There is no privity between the plaintiffs and the executor of the husband's estate.

The judgments are reversed. Judgment will be entered upon the findings in favor of the defendant in each case for costs of both courts.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. CARPENTER, J., did not sit.